Steckler *v.* Luty, Appellant, et al.

Argued October 9, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James M. Marshall,* of *Marshall & McCandless,* with him *John B. Gordon,* for appellant.

*John V. Wherry,* with him *Brandon, Brandon & Ross,* for appellee.

OPINION BY MR. JUSTICE DREW, November 26, 1934:

Plaintiff, Lena Steckler, brought this action to recover damages for personal injuries resulting from an automobile accident. The defendant, Luty, sued out a writ of scire facias to bring the additional defendant, Lawrence Steckler, on the record as solely liable for the accident. A verdict was returned against both defendants, and from the entry of judgment thereon Luty appealed.

On the morning of June 26, 1932, plaintiff, a guest in a car driven by her son, Lawrence Steckler, was going southward toward Portersville on State Highway No. 19, better known as the Perry Highway. Appellant was approaching the Perry Highway, a through highway, from the west, on a dirt road known as the McConnell's Mill Road, which joins but does not cross the highway. Various witnesses testified that he came to a full stop before entering the highway, with the front wheels of his car five to eight feet from the edge of the concrete surface, and that from that point one in his position could see along the highway about 450 feet in the direction from which the Steckler car approached. Appellant and his witnesses testified that when he started to enter the highway to turn to the left, plaintiff's car was about five or six hundred feet away, while plaintiff's son, the driver of that car, stated that it was but fifty to seventy-five feet away. The collision occurred on the opposite side of the highway, the Steckler car having crossed to its left side of the road; appellant's car was struck just back of its left front wheel.

442

Appellant assigns as error the court's instruction to the jury to the effect that one entering a through highway at a "T" crossing of this sort is under a duty to give to the driver of a car approaching on the highway a visible signal of his intention to turn to the left. In this connection, the learned trial judge read to the jury section 1013 (b) of the Act of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, section 2, which provides: "The driver of a vehicle, street car, or trackless trolley omnibus, approaching but not having entered an intersection, shall yield the right of way to a vehicle within such intersection or turning therein to the left across the line of travel of such first mentioned vehicle, provided the driver of the vehicle turning left has given a plainly visible signal of intention to turn as required in this act." We are convinced that this section does not apply to a through highway, but has solely to do with intersections of ordinary streets and roads.

The highway which appellant was entering was a through highway, designated as such by a "through traffic stop" sign of the standard type. Sections 1014 (c) and 1016 of the Act of 1929, supra, as amended by the Act of 1931, supra, section 2, specifically prescribe the duties of a driver under such circumstances. Section 1014 (c), as amended, provides: "The driver of a vehicle entering a through highway or stop intersection, which has been established as such under provisions of this act, shall yield the right of way to all vehicles approaching in either direction on such through highway. This provision shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard to the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way." In section 1016, as amended, it is provided that "It shall be unlawful for the driver or operator of any vehicle, street car, or trackless trolley omnibus, except as is otherwise provided in

this section, before entering a through highway, to fail to come to a full stop, within a reasonable distance, before entering the intersection on such through highway, when 'THRU TRAFFIC STOP' sign has been erected in accordance with the provisions of this act." Plainly, no reference is made in either section to the need of a signal of any kind. And, inasmuch as the legislature has in these sections expressly set forth the duties of a driver entering a through highway, it is clear that section 1013 (b), which the learned trial judge read to the jury, was not intended to apply to such a situation: expressio unius est exclusio alterius. See Provident Life & Trust Co. v. Klemmer, 257 Pa. 91, 101; Com. v. Lewis, 282 Pa. 306, 311; Spector v. Northwestern F. & M. Ins. Co., 285 Pa. 464, 470.

Furthermore, to place the duty of giving a signal of the kind described by the court below upon a driver entering a through highway would be to require of him a vain and useless thing. A driver in such a situation must, under sections 1014 (b) and 1016, come to a full stop before entering the highway, and must yield the right of way to approaching vehicles, i. e., must let such vehicles pass, unless he is so far in advance that, in the exercise of reasonable care and prudence, he is justified in believing that he can cross ahead of the approaching vehicle without danger of a collision: see Dougherty v. Merchants Baking Co., 313 Pa. 557, 560. Where the approaching vehicle is so far away that the entering driver may reasonably cross without waiting, there would be no point in his giving a signal; and of course no question of giving a signal arises where he is bound to wait until the approaching vehicle has passed. There was sufficient evidence in the present case to enable the jury to find that appellant came to a full stop within a reasonable distance from the intersection, that he was justified in believing he could cross ahead of the Steckler car without danger of a collision, and that he was exercising reasonable care and prudence when he attempted to do

so. There was no evidence of any visible signal from him, however, and the jury, having been instructed that he was under a duty to give such a signal, may have rested its verdict on his failure to give it. This instruction was thus manifestly prejudicial error, and appellant's motion for a new trial should have been granted.

Since the judgment of the court below must be reversed, the remaining assignments need not be considered.

Judgment reversed and a venire facias de novo awarded.