## Kelly v. Veneziale, Appellant.

Argued December 2, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Frank R. Ambler,* with him *Henry S. Ambler,* for appellant.

*James F. Masterson,* with him *Jacob Boonin,* for appellee.

PER CURIAM, January 3, 1944:

These two appeals are from the refusal of the court below to grant defendant's motions for judgment on the whole record after the jury had disagreed and been discharged.

Defendant, George C. Veneziale, at about 6:30 o'clock on the morning of September 7, 1942, was operating an automobile containing five passengers in a southerly direction along the west side of Thompson Street in Bridesburg, Philadelphia. At the same time plaintiff's decedent, George W. Kelly, was driving an automobile, of which he was the sole occupant, in an easterly direction along the south side of Lefevre Street. The width of Thompson Street is 26 feet and of Lefevre Street 34 feet, from curb to curb. The cars collided at the southeast corner of the intersection and Kelly was killed.

Defendant is wholly unjustified in his contention that the evidence presented at the trial would not have warranted a jury in finding that he was negligent, or that it convicted Kelly of contributory negligence as a matter of law. He admitted that when he reached the north curb of Lefevre Street he saw the Kelly car coming steadily onward from his right and that it was proceeding to negotiate the intersection; nevertheless defendant not only continued on across Lefevre Street, but at such a speed that his car, after the collision oc-

curred, went over the curb, crossed a 13-foot sidewalk, jumped the step of a grocery store there, crashed through the front doors, and entered the store to the extent of half the length of the car. It is true that this was apparently a "stop" intersection, marked on Lefevre Street by a "STOP" sign, so that Kelly was obliged, by the Act of May 1, 1929, P. L. 905, sec. 1014, as amended by the Act of June 22, 1931, P. L. 751, sec. 2, to yield the right of way if defendant's car was approaching. But this same section provides that it "shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way."

As far as decedent's contributory negligence is concerned, there is in his favor the presumption that he exercised due care. There is also evidence that he had stopped before starting across Thompson Street, as required by the Act of May 1, 1929, P. L. 905, sec. 1016, and the amendatory Acts of June 22, 1931, P. L. 751, sec. 2, and June 5, 1937, P. L. 1718, sec. 3. It does not appear from plaintiff's testimony (by which alone plaintiff was bound) that decedent crossed Thompson Street at any undue rate of speed, and it was for the jury to say whether (notwithstanding defendant's testimony to the contrary) decedent reached the crossing far enough in advance of defendant's car to be justified in believing that he could cross ahead of it without danger of a collision (*Steckler v. Luty*, 316 Pa. 440, 443, 175 A. 481, 482) or whether, under all the circumstances, he was guilty of contributory negligence in not remaining at a standstill until defendant's car had passed.

As the case goes back for a new trial it may be well to point out that the testimony given by plaintiff's witnesses Blaszerak and Fisher as to the speed of defendant's car should not have been admitted,—that of the

former because he first observed it "about five or ten feet before the smash-up" (*Ealy v. New York Central R. R. Co.*, 333 Pa. 471, 476, 5 A. 2d 110, 112, 113; *Carderelli v. Simon*, 149 Pa. Superior Ct. 364, 369, 27 A. 2d 250, 252), and that of the latter because he saw it only when it passed him at another street 597 feet away.

Order affirmed.