## Fitzgerald, Appellant, *v.* Penn Transit Company et al., Appellant.

Argued October 1, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

44

*Edward O. Spotts, Jr.,* with him *James P. McArdle* and *Louis L. Claster,* for appellant, plaintiff (No. 152).

*Nathan M. Katz,* with him *Samuel G. Wagner* and *F. R. Sack,* for additional defendant, appellant (No. 150).

*Robert D. Dalzell,* with him *Dalzell, McFall, Pringle & Bredin,* for defendant, appellee.

OPINION BY MR. JUSTICE DREW, October 30, 1945:

Separate appeals were taken by plaintiff and additional defendant from the action of the learned court below in refusing to grant a new trial and entering judgment on the verdict in favor of plaintiff and against both defendants. The action is trespass by Neal Fitzgerald against the Penn Transit Company in which Rex Schall was summoned as additional defendant.

This accident occurred January 30, 1942, at 7:30 P. M., at the intersection of Freeport Road and North Street in New Kensington, Pennsylvania. Schall testified that he was then driving his car, with Fitzgerald as a guest passenger, on Freeport Road toward North Street at a speed of thirty to thirty-five miles an hour, and that when he was fifty to seventy feet from the intersection, a bus owned and operated by defendant, Penn Transit Company, suddenly came out of North Street and blocked the passage of his car, resulting in a collision and serious and permanent injuries to plaintiff. There

can be no denying that the testimony indicates the driver of the bus was guilty of negligence. He admitted he did not look to his left when entering the through highway, and it is certain if he had done so he would have seen Schall in close proximity. The jury found the bus driver disregarded the stop sign which was on North Street twenty-one feet back from the intersection, and also that Schall was negligent in that he could and should have seen the bus approaching the intersection and could and should have brought his car under control and avoided the collision. The testimony is sufficient, if believed, to draw the conclusion that Schall had sufficient opportunity to prevent a collision, and that he failed to act as a prudent man would under the circumstances. There is no doubt that the evidence is sufficient to support a verdict against both defendants.

Plaintiff alleges as a reason for a new trial that the verdict of $3000 is entirely inadequate. Since plaintiff was put to a loss of $1270 for expenses and wages, only $1730 was allowed him for pain, suffering, inconvenience and impairment of earning power, past, present and future, which we believe is not fair compensation. This is not a case in which plaintiff was negligent and a verdict could properly be rendered for defendants. Here the jury found the accident was caused by both defendants, not contributed to by plaintiff, and therefore from both, plaintiff should get adequate damages.

A detailed statement of the injuries sustained would seem to prove beyond doubt that $1730 is inadequate. Plaintiff received a fracture of the skull, a comminuted fracture of the left patella, a complete fracture of both sides of the lower jaw, the loss of numerous teeth, and a fracture of both bones of the left wrist, besides other less serious injuries. He has a permanent forty percent functional limitation of the left leg.

As a result of these injuries plaintiff was obliged to undergo the following: Unconsciousness for almost three days, administration of two quarts of plasma "for a con-

dition of more dead than alive", an open reduction of the left patella, under general anesthesia from forty minutes to one hour, hospitalization for two weeks, a cast on the leg from the ankle to the hips for a month, reduction of the arm fracture and the placing of the arm in a splint, loss of weight from one hundred seventy-five pounds to one hundred thirty-five pounds, had to live on soups and liquids only for several months due to condition of jaws, both jaws wired together for a period of six weeks, visits to the dentist every other day for five or six weeks for very painful dental work, twelve X-ray treatments to scalp, and was not on regular job for six weeks after returning to work.

There can be no doubt this verdict is inadequate and that a new trial should be allowed plaintiff to recover just compensation.

Schall, alleging trial errors, also moved for a new trial. He asked for judgment n. o. v. which was properly refused. As has been said, there is much testimony indicating negligence on his part, and such was found by the jury. He brought suit (*Schall v. Penn Transit Company*, 352 Pa. 129) to recover the damages he sustained in this accident and judgment was entered against him n. o. v. because of his own negligence, which judgment was affirmed by this Court. The trial errors alleged by him are:

(a) The trial court over objection permitted M. L. Cowen, a witness for original defendant, to testify that he was about 870 feet from the scene of the accident, completely out of sight over the brow of the hill, when a car which he could not identify, and which he refused to say was Schall's car, passed him at such speed that he took only five steps, between four or five seconds intervening, from the time it passed him until he heard the crash.

(b) The trial court, over objection, permitted C. J. Harter, a witness for the original defendant, to testify that he was sitting in the living room of his house, on Freeport Road, reading a newspaper, with his back to the window, 300 to 350 feet from the scene of the acci-

dent; that he heard a car going by, got up and took three steps to the door when he heard the crash, which he estimated was four seconds after he heard the car go by.

The admission of this incompetent and irrelevant testimony was error. The witnesses testified to what they did not see and what they did not know. The testimony was offered to measure the speed of the automobile that passed and identify it as the car involved in the accident, and it was insinuated that the rate of speed continued to the point of the collision. Without having seen the car as it approached and reached the accident it was impossible to make such a deduction. And neither witness would say the car that passed was the car involved in the accident. The effect of this testimony upon defendant Schall was to cast on him the unproved insinuation that his 1935 Plymouth sedan was travelling at a high rate of speed—indeed at an extraordinary if not impossible rate of speed in excess of 120 miles an hour. The original defendant produced four eyewitnesses to the accident, including its bus driver, and not one of them was asked anything concerning the speed of Schall's car.

In *Sanders v. Stotesbury*, 100 Pa. Superior Ct. 523, in an action of trespass to recover for damages sustained in a collision between two automobiles, testimony was offered as to the manner in which they were being driven at a considerable distance from the scene of the accident. This was held to be incompetent and that the court below erred in admitting the testimony. In *McCaulif v. Griffith*, 110 Pa. Superior Ct. 522, 168 A. 536, it was said: "Appellant's fifth assignment of error is that the trial court erred in admitting testimony as to the speed and operation of defendant's truck 1400 feet from the scene of the accident. One of the questions at issue was the speed of the car at the time of the accident. Testimony as to its speed when a quarter of a mile away was irrelevant and should not have been admitted". In *Laubach v. Colley*, 283 Pa. 366, 129 A. 88, in determining liability for in-

juries caused by negligence of drivers of automobiles, this Court said: "One other complaint, raised by the eleventh assignment, should be noticed. A witness, Chapin, an auto mechanic, was in his house, some two hundred feet from the public highway, on the night of the accident. He was on the second floor, preparing to retire. From the sound of the exhaust of the motor of a passing car, he was of the belief that it belonged to Yocum, [the driver of one of the cars] since it differed in sound from other machines in that community, though he was not prepared to say that it was not like other Ford cars to be found elsewhere, and which might have been going by. To show that this auto, which he did not see, was being driven at an excessive speed, was the purpose of the proposed testimony, though an examination of the evidence adduced to show his qualifications fails to disclose that he could so testify. Opinions as to the speed of a moving object may be given, where the witness shows proper knowledge, but to base such judgment on the noise made, without actual observation, or more information than here shown, should not be permitted." In *Kelly v. Veneziale,* 348 Pa. 325, 35 A. 2d 67, this Court said in a per curiam opinion: "As the case goes back for a new trial it may be well to point out that the testimony given by plaintiff's witnesses Blaszerak and Fisher as to the speed of defendant's car should not have been admitted—that of the former because he first observed it 'about five or ten feet before the smashup' (*Ealy v. New York Central R. R. Co.,* 333 Pa. 471, 476, 5 A. 2d 110; *Carderelli v. Simon,* 149 Pa. Superior Ct. 364, 369, 27 A. 2d 250), and that of the latter because he saw it only when it passed him at another street 597 feet away".

It is conclusive that a new trial must be granted the additional defendant because of the admission of this incompetent testimony, which, it appears, was highly prejudicial.

The orders of the learned court below refusing motions of plaintiff, Neal Fitzgerald, and the additional

defendant, Rex Schall, for a new trial, and the judgment entered on the verdict, are reversed and a venire facias de novo awarded.