## Commonwealth v. Dumont

*Nicholas H. Larzelere* and *Bernard E. DiJoseph*, for Commonwealth.

*H. Lester Haws* and *Thomas J. Burke*, for defendant.

DANNEHOWER, J., August 17, 1955.—Defendant, Jean Marie Dumont, was indicted, tried and convicted by a jury of involuntary manslaughter by automobile in causing the death of a passenger in his car when it collided with the rear end of a large tractor-trailer stopped for a red light at the intersection of Lancaster Avenue and Clothier Road, in Wynnewood, Lower Merion Township, Montgomery County, on early Sunday morning April 18, 1954, at about 12:45 a.m.

Defendant has filed motions in arrest of judgment alleging that the evidence was insufficient to sustain the guilty verdict and that defendant's demurrer to the Commonwealth's evidence should have been sustained, and also a motion for a new trial on the grounds that the trial judge erred in allowing the Commonwealth to reopen its case after defendant had concluded his testimony, in permitting testimony as to the odor of alcohol on defendant's breath and his alleged admission that he had consumed intoxicating liquors before the collision, in permitting a witness to testify as to the speed and operation of defendant's car at a distance of 1,680 feet from the accident, in refusing to withdraw a juror when the District Attorney in cross-examination of a defense witness revealed he had a criminal record for gambling and, finally, that the verdict was contrary to and against the weight of the evidence.

After argument before the court en banc, these motions are pending for decision and after a careful review of the entire record, we are convinced that defendant is entitled to a new trial.

A brief statement of the facts as established by the evidence is necessary and reveals that on early Sunday morning, April 18, 1954, at approximately 12:45 a.m. when the weather was clear and the surfaces of the roadway dry, a 1953 Chevrolet BelAir coupe owned and operated by defendant ran into the rear

end of a large tractor-trailer of the Eastern Motor Express Company, as it was stopped for a red traffic light at the intersection of Lancaster Avenue and Clothier Road, Wynnewood, Montgomery County. As a result of this collision, Edwin L. Morley, a passenger in defendant's car, was so severely injured that he died at the scene. Defendant operator was likewise seriously injured and was removed to the Lankenau Hospital. The Chevrolet and tractor-trailer were both badly damaged.

Lancaster Avenue has four lanes of traffic, two eastwardly and two westwardly and the permissible speed limit is 35 miles per hour. The tractor-trailer was stopped in a proper position in the southernmost lane, with its right wheels 15 inches from the south curb and had seven lights on the rear. This intersection is well illuminated by an arc light and by flood lights from two gasoline service stations on two corners.

In its case in chief, the Commonwealth produced the testimony of a police officer and the driver of the tractor-trailer, neither of whom saw the collision but testified as to the surrounding conditions and position of the cars and the two men in the Chevrolet car. The Commonwealth did not produce, in its case in chief, any testimony concerning the speed of defendant's car, that his breath smelled of alcohol, or his admissions to police officers at the hospital that he had been drinking and fell asleep.

At the conclusion of the testimony of these two witnesses, the Commonwealth rested. Whereupon the trial judge overruled defendant's demurrer. In defense, defendant testified that his passenger suddenly gave him a big push when his car, traveling at 35 miles per hour, was 45 feet from the rear of the trailer, causing him to lose control just as he was preparing to pull over to the left of the trailer and stop. Over

objection on cross-examination, defendant admitted drinking three beers and three whiskies within a few hours of the accident and had no recollection, because of his injuries and sedatives, of having made any admissions to police officers in the hospital.

At the conclusion of the defense, the trial judge permitted the Commonwealth, over objection, to re-open its case and produce seven witnesses, some of whom testified that they smelled the odor of alcohol on defendant's breath at the scene and at the hospital, and a police officer who testified that at the hospital defendant admitted that he had two and one-half bottles of beer and three whiskies that evening, then ate, operated his car on Lancaster Avenue at 35 to 40 miles per hour and then fell asleep and heard a crash. In addition, the Commonwealth produced another witness who was permitted to testify, over objection, that defendant's car passed his car on the right at a speed of 55 to 65 miles per hour at a distance of 1,680 feet from the collision; when it was 100 feet past him defendant's car crossed to the left easterly lane, then crossed to the right lane again before reaching West Wynnewood Road, which is 480 feet from the collision, and at the Wynnewood Road traffic light, defendant's car went through either a red or yellow caution traffic light and that he didn't observe defendant's car travel for the last 480 feet until he heard the crash.

Fundamentally, the order of proof in a criminal case rests in the sound discretion of the trial court and likewise the reopening of a case for additional testimony. In its case in chief the Commonwealth produced only two witnesses who barely established the corpus delecti of the offense. The Commonwealth in all fairness should have produced the testimony of the two police officers who visited defendant in the hospital and admitted to them that, before the collision, he and

his passenger had visited two taprooms, had five or six intoxicating drinks and that defendant fell asleep just before the collision. This testimony should have been introduced by the Commonwealth in its case in chief and not after the defense had concluded its testimony. Such substantive evidence, such as admissions and confessions, ordinarily should be introduced by the Commonwealth in its case in chief and not in rebuttal or on a reopening of the case. The accused has the right to suppose that the evidence will be offered in its proper order and is not bound to meet it before it becomes relevant to the case. Otherwise, the Commonwealth need not concern itself with the usual fundamental requirements of establishing its case in chief, but can carefully wait until the defense had offered all its testimony and then offer testimony that should have been offered in chief. So, too, the presumption of innocence is cast aside when the Commonwealth is permitted to reopen its case and offer the major part of its testimony after having heard the entire defense. We are convinced that defendant was prejudiced by the reopening of the case and undue advantage accrued to the Commonwealth which would otherwise not have been present.

We are likewise convinced that a trial error occurred after the reopening in allowing a Commonwealth's witness to testify as to the speed and operation of defendant's automobile when at a distance of 1,680 feet from the accident. This witness admitted he did not observe defendant's car travel the last 480 feet before the collision. It might have slowed down, stopped or turned in that distance. The point to be proven was the speed of defendant's car at the time of the collision. Testimony as to its speed 1,680 feet, or almost a third of a mile away, was irrelevant and should not have been admitted. See McCaulif v. Griffith, 110 Pa. Superior Ct. 522; Fitzgerald v. Penn Transit Co. et al., 353 Pa. 43; Kelly v. Veneziale, 348

Pa. 325. The reception of improper evidence over accused's objection to his prejudice is ground for a new trial.

If the Commonwealth had proved in its case in chief defendant's admissions that he had consumed five or six alcoholic drinks and had fallen asleep before the collision, the testimony that he smelled of alcohol, in our opinion, would have been relevant, because the manner of the operation of the car was at issue and proof of the consumption of intoxicating liquors by the operator to show he was deprived of that clarity of intellect and control which he would otherwise possess, particularly where there are other manifestations of erratic operation, would be relevant to show that what he had consumed caused him to fall asleep or become drowsy and reckless. See Commonwealth v. Carnes, 165 Pa. Superior Ct. 53.

One other error occurred in the trial which might have prejudiced defendant's rights. One of the defense witnesses who testified as to the sobriety of defendant 35 minutes before the collision was asked on cross-examination whether or not he was convicted of gambling in 1948. He answered that he was, before the trial judge could sustain counsel for defendant's objection. In the charge, the trial judge cautioned the jury to disregard the criminal record of this witness in passing upon his credibility. If this were the only error in the trial, we would not consider it too serious, but coupled with the others it weighed against defendant.

Our appellate courts have been consistent in holding that inquiry may be made in cross-examination of a witness as to whether he had ever been convicted of a crime, limited to felonies or misdemeanors of the nature of crimen falsi. Commonwealth v. Fields, 171 Pa. Superior Ct. 177. We do not consider gambling a misdemeanor of the nature of crimen falsi.

564

There can be little doubt that if the Commonwealth had introduced all of its evidence in an orderly fashion in its case in chief, showing in this rear end collision the death, serious injury, vast damage to both vehicles, admissions by defendant and other relevant circumstances, such evidence would have been sufficient in volume and quality to sustain a conviction. Hence defendant's motion in arrest of judgment must be overruled. But since the errors as described above unfortunately occurred in the trial of this case, and even though there may be some little doubt that such errors are substantial and fundamental, nevertheless, in fairness and justice, such doubt should be resolved in favor of the accused and a new trial should be awarded.

*Order*

And now, August 17, 1955, for the foregoing reasons, defendant's motion in arrest of judgment is hereby overruled and refused, and the motion for a new trial is granted. Said case is ordered on the trial list for retrial.