White *v.* Rosenberry, Appellants.

Argued January 8, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

116

*Richard A. Bausher,* with him *John D. Glase,* and *Stevens and Lee,* for defendant, appellant.

*J. R. Whitman,* with him *Richard W. Cleckner,* and *Lewis, Brubaker, Whitman & Christianson,* and *Nissley, Cleckner & Fearen,* for plaintiff; appellee.

*Stanley W. Katz,* with him *Davis, Katz, Buzgon & Davis,* for additional defendant, appellee.

OPINION BY MR. JUSTICE JONES, April 23, 1969:

Arthur White (White) brought suit in the Court of Common Pleas of Lebanon County against Sheldon Rosenberry (Rosenberry) seeking damages for personal injuries arising out of an automobile accident.[1]

---

[1] The suit was originally brought by White and his wife, Dorothy, against Rosenberry and Herdco, Inc. Mrs. White was subsequently eliminated from the action as a plaintiff. A compulsory nonsuit was entered as to Herdco, Inc., because White had failed to prove that Rosenberry was an agent, servant or employee of Herdco at the time of the accident.

Rosenberry joined Nancy Keller (Keller) as an additional defendant. The jury returned a verdict in favor of White and against Rosenberry and Keller in the sum of $146,723.30. Keller subsequently filed motions for a new trial and judgment n.o.v.[2] Copies of these motions were mailed to Rosenberry's attorney but were not received until after the time for the filing of post-trial motions had expired.

Approximately one month after the trial, White entered judgment on the verdict against both Rosenberry and Keller. White then demanded the full amount from Rosenberry. Realizing that he was now caught in a squeeze, Rosenberry petitioned the court to strike off the judgment entered against him and requested leave to file a motion for a new trial *nunc pro tunc* for the limited purpose of protecting his right of contribution from Keller. The court denied both of Rosenberry's petitions, and he has appealed to our Court.[3] In the meantime, Keller filed a motion to strike the judgment as to her alone, which the court granted.

Rosenberry's position is that the court's orders granting Keller's motion to strike the judgment and not permitting his motion for a new trial to be filed *nunc pro tunc* jeopardize his right of contribution from Keller under the original jury verdict. If the court grants Keller's motion for a new trial without permitting Rosenberry to have a new trial also, Rosenberry will lose his right of contribution unless the matter proceeds to trial again and the jury returns another verdict against Keller. If White is permitted to

---

[2] These motions were filed on the last day permitted under the Lebanon County Rules of Court.

[3] Rosenberry has filed two appeals, one appeal from the order refusing the petition to strike off the judgment and the other appeal from the order refusing to permit the filing *nunc pro tunc* of the motion for a new trial.

recover the entire verdict from Rosenberry, the matter in all likelihood will not proceed to trial again because neither White nor Keller will be interested in relitigating Keller's liability. The end result, therefore, is that Rosenberry will have to pay the entire verdict and will also lose his right of contribution over against Keller.

There can be no question that by the turn of events in the court below Rosenberry's right to seek contribution from Keller has been *potentially* seriously jeopardized. However, the manner in which this matter comes before us requires our rejection of the appeals.

One appeal is from the judgment entered against Rosenberry. Rosenberry does not question the propriety of the entry of the judgment nor the fact that he is liable for payment of the judgment. What Rosenberry complains of is the danger to which he may be subjected in the event White seeks execution on this judgment prior to disposition of Keller's motion for a new trial. Under such circumstances, the appeal from the judgment must be dismissed.

The second appeal is from the refusal of the court below to permit the filing of a motion for a new trial *nunc pro tunc*. This appeal is from an interlocutory order and must be quashed. Cf. *O'Donnell v. Bachelor*, 425 Pa. 626, 229 A. 2d 755 (1967); *Matulonis v. Reading R. R. Co.*, 417 Pa. 48, 207 A. 2d 791 (1965).

While we dispose of these appeals without determining their merits, we cannot help noting the serious predicament in which Rosenberry finds himself. If a new trial is granted to Keller and Rosenberry has been compelled to pay the entire judgment, then Rosenberry's right to contribution would be negated for practical purposes. Justice would seem to require that the court below, under its power to stay any execution of the judgment, take action to maintain the status quo

until determination of Keller's motion for a new trial and, if such a trial be granted, until determination of Keller's liability to White.[4]

Appeal No. 50, January Term, 1969, is dismissed, and Appeal No. 51, January Term, 1969, is quashed.

Mr. Justice ROBERTS concurs in the result.

---

[4] If the court grants a new trial to Keller alone, then it could permit White to seek execution on one half of the amount of the judgment which Rosenberry admits he must pay to White.