White *v.* Rosenberry, Appellant.

Argued October 5, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

reargument refused December 17, 1970.

*Richard A. Bausher,* with him *Stevens & Lee,* for defendant, appellant.

*Stanley W. Katz,* with him *Davis, Katz, Buzgon & Davis,* for additional defendant, appellee.

*James R. Whitman,* with him *Richard W. Cleckner,* and *Lewis, Brubaker, Whitman & Christianson,* and *Cleckner & Fearen,* for plaintiff, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 12, 1970:

On July 31, 1964, at or about 1:15 p.m., the appellant, Sheldon William Rosenberry, was operating a tractor-trailer truck in a northwardly direction on Route 72 in Lebanon County, Pennsylvania. At the same time, appellee Nancy J. Keller, now Gering, was driving a 1959 Austin Healy sports automobile in a southwardly direction on the same highway. Mrs. Gering lost control of her sports car and sideswiped the Rosenberry truck. As a result of the impact she was thrown from her automobile onto the surface of Route 72.

Mrs. Gering's plight was witnessed by Rosenberry and by Arthur White, who had been driving his car behind Rosenberry's truck. Rosenberry immediately pulled his vehicle forward approximately one hundred feet, pulled over off the right side of the road as far as he could go, pulled on his emergency brake and engaged the brake lever on the steering column. Leaving the engine running in order to keep the pressure elevated in the braking system, he jumped out of the cab and started to race to where Mrs. Gering was lying on the road. At the same time, Arthur White pulled his car off the road a short distance south of where Mrs. Gering lay and also ran to her assistance.

White got to Mrs. Gering first. As he was bending over to talk to her, he heard a noise, looked up and saw Rosenberry's tractor-trailer four to six feet away from him rolling down the hill. Rosenberry, who was still five to ten feet from Mrs. Gering heard the truck, turned around and tried to get into the cab but was unsuccessful. Mrs. Gering was able to roll out of the path of the runaway truck; Mr. White was not. He was struck by the rear of the tractor sustaining serious bodily injuries.

White brought suit against Rosenberry for his personal injuries. Rosenberry joined Mrs. Gering as an additional defendant. At the conclusion of a five-day trial, on March 22, 1968, the jury returned a verdict against both Rosenberry and Gering in the amount of $146,723.30.

On March 26, 1968, Gering filed a motion for a new trial and for judgment n.o.v. After other proceedings, which need not concern us here, see *White v. Rosenberry*, 434 Pa. 115, 252 A. 2d 707 (1969), Gering's motion for judgment n.o.v. was finally argued and, in an opinion dated March 23, 1970, the court granted the motion. Rosenberry, the original defendant, appealed.

The court's opinion indicated that its ruling was based on a belief that the legal effect of the negligence of appellee Gering terminated when she was lying on the highway and the appellant had pulled to a stop, and that the appellant's negligence in improperly braking his truck then constituted an intervening force which produced White's injuries. According to the court's opinion, appellant's conduct in relying on a combination of his emergency brake and his air brake to keep his truck motionless was so reckless, and consequently so extraordinary, that it should relieve appellee Gering of all liability to White.

We do not agree.

In considering the motion of appellee Gering for judgment n.o.v., the evidence together with all reasonable inferences therefrom must be considered in a light most favorable to the appellant, Rosenberry, as he must be considered the verdict winner in this situation.

In this light, the facts surrounding both parties' possible liability to White are as follows:

(1) Mrs. Gering was negligent in colliding with the appellant. As a result of her own negligence, she was thrown from her automobile onto the road, where

her position created very serious risks of further injury to her.

(2) Upon discovering Gering's precarious position, appellant quickly pulled over to the side and with the motor running so his airbrakes would operate, he parked, using his airbrakes in combination with his emergency brake. The truck remained motionless until after appellant had alighted from the truck and had started down the hill toward the appellee.

(3) Appellant was negligent in attempting to stop his truck on an incline, in failing to put the truck in gear, in failing to turn off the engine, and in relying upon airbrakes which were clearly labelled as not to be used for parking. A reasonably prudent truck driver who wished to stop a truck on that road would have stopped at the top, turned off the engine, engaged the gears and blocked the tractor wheels with the wooden blocks provided for that purpose.

(4) Appellant was in a highly emotional state as the result of the accident and his concern for Gering's safety. Moreover, the airline leading to the trailer brakes of his truck was broken by the collision with Gering. Both of these situations were the natural result of the collision proximately caused by Gering's negligence.

In the absence of any cited cases which are sufficiently similar to these facts to be of any help in analyzing them, the court below relied on the *Restatement of Torts*, §435(2) (1948 Supp., page 736), for a statement of the applicable law. That section reads as follows:

"§435. Foreseeability of Harm or Manner of Its Occurrence.

". . . (2) The actor's conduct is not a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm."

We do not believe that the chain of causation is as highly extraordinary as all that. In our opinion, considering appellant's state of mind at the time of his negligent conduct, Sections 443, 444 and 447 of the *Restatement of Torts 2d* more closely describe the facts of this case. Section 443 states:

"§443. Normal Intervening Force

"The intervention of a force which is a normal consequence of a situation created by the actor's negligent conduct is not a superseding cause of harm which such conduct has been a substantial factor in bringing about."

The fact that the appellant's conduct was clearly negligent does not mean that it was not a "normal consequence" of the situation. Considering the emergency which the appellant believed he faced, his breach of the standard of due care in his haste to see to the condition of the appellee was not "extraordinary." This view is expressed in Section 447(b):

"§447. Negligence of Intervening Acts

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

". . . (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted. . . ."

Section 444 indicates that one situation where an actor's negligence is normal under the circumstances occurs when the actor is responding to an emotionally disturbing situation, such as in the instant case where the appellant was acting out of fear for the fate of Gering. According to §444:

"§444. Acts Done Under Impulsion of Emotional Disturbance

"An act done by another in normal response to fear or emotional disturbance to which the actor's negligent conduct is a substantial factor in subjecting the other is not a superseding cause of harm done by the other's act to himself or a third person."

Gering also argues that her negligence could not be a proximate cause of the accident because the accident would have happened even if she had not caused a rupture in appellant's airbrake system. She emphasizes that the valve was clearly marked "not to be used for parking" and states that there was no evidence that the brakes could have prevented the truck from rolling.

However, the question of what is the proximate cause of an accident is almost always one of fact for the jury. *Bleman v. Gold,* 431 Pa. 348, 246 A. 2d 376 (1968).. Here, the record indicates that the appellant's truck did not begin to drift backward until after Rosenberry alighted and ran downhill. The jury could have found that the combination of the emergency brake and airbrake did serve to stop the truck until the rupture in the airbrake line caused the air pressure to drop and the brakes slowly to release. In other words, were it not for Gering's negligence in causing the rupture in the airbrake line, appellant's negligent decision to rely on the combination of his emergency brake and airbrake rather than bringing the truck to a safe stop would not have resulted in the accident to Mr. White. Where the jury's findings can be supported by the record, they should not be disturbed.

Judgment reversed and here entered on the verdict of the jury.

Mr. Justice JONES and Mr. Justice POMEROY concur in the result.

Mr. Chief Justice BELL, Mr. Justice COHEN, and Mr. Justice EAGEN dissent.