Flickinger et al., Appellants, *v.* Marona Construction Company.

Argued March 22, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard L. Campbell,* with him *John R. Miller,* and *Miller, Kistler, Lee and Campbell,* for appellants.

*Richard H. Wix,* with him *Metzger, Wickersham, Knauss & Erb,* for appellee.

OPINION PER CURIAM, June 30, 1971:
Decree affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

This case arose out of a collision between an automobile and a motorcycle in which the motorcyclist died. Defendant-appellee Ritsky was driving his car out of a parking lot to turn onto the highway. Before entering the main highway, he stopped his vehicle to observe oncoming traffic. He testified that in one direction his view was obscured by a high pile of dirt that had been left while the defendant Marona Construction Company (Marona) was working on a sewer project. After looking in both directions, appellee pulled out, but was surprised to a see a motorcycle a few feet away. The motorcyclist could not avoid sideswiping Ritsky, which caused him to careen into the path of another car. He died shortly thereafter from injuries suffered in this collision.

The cyclist's parents brought an action in trespass under the Wrongful Death and Survival Statute naming both Ritsky and Marona as defendants. At the conclusion of plaintiff's case, the court refused Marona's motion for a nonsuit and submitted the question of negligence to the jury. The jury rendered a verdict in favor of the plaintiff and against both defendants in the amount of $18,500. Defendant Marona then filed a motion for judgment n.o.v. alleging that its negligence was not a proximate cause of the accident. After receiving briefs and argument, the court granted this motion. From the order of the court holding defendant Ritsky alone liable for damages, the plaintiff has appealed.

The principles of law involved in the instant case were recently reiterated and clarified by our Supreme Court in *White v. Rosenberry*, 441 Pa. 34, 271 A. 2d

341 (1970) and *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A. 2d 623 (1970). In *Rosenberry* a car sideswiped a truck. The car's driver was thrown to the pavement and the truck driver stopped and ran to her rescue. Meanwhile another motorist stopped to lend his assistance. At this point the parked truck began to roll partly due to its driver's negligence in setting the brake. The good samaritan was hit by the truck and severely injured. He instituted a suit against both the truck driver and the motorist who had caused the original accident. The jury found in plaintiff's favor against both defendants. The first motorist filed a motion for judgment n.o.v. alleging her actions were not a proximate cause of the accident, and this motion was granted. On appeal the Supreme Court reversed.

In reversing the Court noted that the evidence together with all reasonable inferences therefrom must be considered in a light most favorable to the appellant, as he is the verdict winner in this situation. In that light both the appellant-truck driver and the first motorist were assumed to have been negligent. Applying the standard of §§443 and 447 of the Restatement of Torts 2d,[1] the Court held that "[t]he fact that the appellant's conduct was clearly negligent does not mean that it was not a 'normal consequence' of the situa-

---

[1] "§443. Normal Intervening Force

"The intervention of a force which is a normal consequence of a situation created by the actor's negligent conduct is not a superseding cause of harm which such conduct has been a substantial factor in bringing about."

"§447. Negligence of Intervening Acts

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if . . . (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted. . . ."

tion. Considering the emergency which the appellant believed he faced, his breach of the standard of due care in his haste to see to the condition of the [motorist] was not 'extraordinary'." *White v. Rosenberry,* supra at 39, 271 A. 2d at 343.

I believe that *Rosenberry* is clearly controlling here. It is obviously a "normal consequence" of setting a high pile of dirt near the edge of the road that a car will pull too far into the road before its driver has adequate visibility to enter traffic. In addition, the jury in the instant case had before it testimony that there had been other near accidents caused by the dirt pile and that Marona had been asked repeatedly to remove it. "[T]he question of what is the proximate cause of an accident is almost always one of fact for the jury. . . . Where the jury's findings can be supported by the record, they should not be disturbed." Id. at 40, 271 A. 2d at 344.

In fairness to the lower court it should be noted that the decision in *Rosenberry* was not handed down until after the completion of post-trial motions. However, under the standards enunciated in *Rosenberry,* the jury had ample evidence before it to sustain its verdict. Accordingly, I would reverse the order of the court below and enter judgment on the verdict of the jury.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.