### Delorso v. Wisnoskie

*John A. Carpenter*, for plaintiff.
*Louis Cohen*, for defendant.

MOSER, *J.*, December 29, 1975—Defendant's preliminary objections in the nature of a demurrer to plaintiff's complaint, are before the court for disposition. The gravamen of the complaint is that defendant's vehicle, heading east, pulled into the westbound lane in order to pass a truck in front of it, doing so "directly in the face of plaintiff's oncoming vehicle which was already occupying said westbound lane." Plaintiff swerved sharply to the right, leaving the highway, struck an embankment, returned to the highway, crossed the highway and collided with the truck which had pulled to the south of the highway.

Defendant argues that the complaint fails to allege any negligence on defendant's part for three reasons. First, he argues there is no averment that

defendant's act of attempting to pass violated any of the rules of the road. Clearly, a cause of action is not dependent upon an averment of this type. The statutory standards are no more than a minimum, and do not necessarily preclude a finding that the person was negligent in failing to take additional precautions: Prosser on Torts, §36, 203 (1971 ed.). Restatement 2d, Torts, §288C, states: "Compliance with a legislative enactment or an administrative regulation does not prevent a finding of negligence where a reasonable man would take additional precautions."

Next, defendant states that the only allegation of negligence he could possibly deduce from a reading of the complaint is "that the plaintiff *thought* that there might be an accident." Even if we read the complaint in the way defendant urges, it would still not be grounds to sustain the demurrer. Negligence can be seen here, assuming plaintiff "thought" there might be an accident, in the event a reasonable man in these circumstances would have thought there might be an accident and acted in the same manner, i.e., swerving off the road to avoid it. In other words, would a reasonable man (1) have been apprehensive of a collision, and (2) acted in the same way to avoid it? These issues are for the arbitrators. As pointed out in plaintiff's brief, physical contact by defendant's car is not necessary for a finding of negligence. See Michaels v. Tubbs, 221 Pa. Superior Ct. 255, 289 A. 2d 738 (1972).

Finally, defendant emphasizes the point that, allegedly, plaintiff's vehicle returned to the highway (after striking the embankment) before colliding with the truck on the opposite berm. Defendant argues that what occurred afterwards cannot be attributed to his conduct, but strictly to lack of con-

trol of plaintiff's vehicle. Again, these are questions of fact. In Flickinger Est. v. Ritsky, 452 Pa. 69, 305 A. 2d 40 (1973), the court disapproved of the practice of determining questions of actual causation and, also, proximate causation on the pleadings. In most instances, these are jury questions as to whether an actor is liable under Restatement of Torts, §432(1), cited by defendant: ". . . the actor's negligent conduct is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent," which was adopted in Whitner v. Lojeski, 437 Pa. 448, 263 A. 2d 889 (1970). And, according to section 434 of the Restatement, this question is one for the jury, in any case in which reasonable minds could differ. Whether the jury may reasonably differ is, of course, the court's initial determination. See Flickinger Estate v. Ritsky, supra.

It is clear that defendant cannot be exculpated as a matter of law. In a case that cannot be distinguished on the facts as they appear in the complaint (Anderson v. Perta, 138 Pa. Superior Ct. 321, 10 A. 2d 898 (1940)), the jury finding was upheld. There, defendant, Perta, was following a truck in the same direction. Coming from the opposite direction was a car owned by a DeMartin. The jury found that Perta suddenly turned his car, to pass the truck, onto the eastbound lane of traffic occupied by the DeMartin car. To avoid a collision, DeMartin pulled over to the berm, travelled 190 feet when his car hit the bank, and crashed into a car which had been behind Perta and the truck. The court stated: "Moreover, the evidence clearly established that the proximate cause of this accident was the careless and unlawful conduct of Perta in at-

tempting to pass the truck when DeMartin was approaching from the opposite direction, with the right of way. Perta's conduct placed DeMartin in a position of sudden peril, without fault on his part, which required quick action. . .": id. at page 324.

## ORDER

And now, December 29, 1975, defendant's preliminary objections in the nature of a demurrer are dismissed. Defendant may file an appropriate pleading within 20 days from the date of the filing of this order of court.