# Tabaka v. Rossi

*William D. Hobson,* for plaintiffs.
*Jay Martilloti,* for defendants.

HOURIGAN, *J.,* January 16, 1991—This matter is before the court on defendants' preliminary objections.

## HISTORY AND FACTS

Filed on September 4, 1990, plaintiff's complaint alleges medical malpractice. On October 15, 1990, defendants filed the preliminary objections that are presently before this court; plaintiff's response to the preliminary objections was filed on October 29, 1990.*

## DISCUSSION AND LAW

Defendants' preliminary objections, in the nature of a motion to strike and a demurrer, focus upon

---

* The record indicates that defendants also filed their answer and new matter on November 15, 1990. This pleading is premature. *White v. Rosenberry,* 12 Lebanon Leg. J. 58 (1967), appeal dismissed 434 Pa. 115, 252 A.2d 707 (1968). However, in light of Pa.R.C.P. 126, we will disregard this irregularity.

paragraphs 19 and 20, respectively, of the complaint. These paragraphs appear as follows:

"(19) Patricia Tabaka as mother for the minor plaintiff has sustained lost wages, additional expenses for medication and surgery and lost opportunities to obtain additional income while providing day-to-day nursing care for her daughter.

"(20) Patricia Tabaka has also sustained pain and suffering, psychological trauma and emotional harm due to the negligent delay of defendants Dr. Patricia Rossi, Dr. Jacqueline Kirby, individually and as partners in the Pediatric Associates and Valley Pediatrics in properly diagnosing and treating the condition which minor plaintiff had been suffering from during most of her childhood."

With regard to paragraph 19 of the complaint, defendants argue that plaintiff is not entitled to damages for "lost opportunities" insofar as there is no showing of reasonableness of certainty with regard to these damages. It is well settled that "damages need not be proved with mathematical certainty . . . and evidence of damages may consist of probabilities and inferences." *Hawthorne v. Dravo Corp., Keystone Div.,* 352 Pa. Super. 359, 376, 508 A.2d 298, 307 (1986). (citations omitted) Cases involving lost profits require that the fact and the amount of loss must be established with reasonable certainty: see *Arta Inc. v. Ryan Corp.,* 110 Pa. Commw. 1, 531 A.2d 857 (1987). Damages may not be awarded on mere speculation or conjecture. See *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58 (1989). We agree with defendants that, based on the complaint, this particular claim is insufficiently pleaded; defendants are entitled to specific factual averments pertinent to the plaintiff's alleged "lost opportunities to obtain additional income."

With regard to paragraph 20, defendants' demurrer argues that these allegations fail to state a cause of action upon which relief can be granted, particularly because plaintiff has failed to show that she has been injured by defendants' conduct, and that such conduct has been intentional and/or reckless. We agree that the complaint fails to properly plead a claim for infliction of emotional distress.

Although we are cognizant of the landmark decision of *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979), we are guided by the court's ruling in *Barber v. Chang*, 36 Cumberland L.J. 557 (1986). In that case, the parent plaintiff also sought recovery for mental distress, caused by that parent's observation of the deterioration of the child who allegedly underwent a negligent course of medical treatment. The *Barber* court observed that there is no authority whatsoever for a parent to recover for mental distress by virtue of observing the physical decline of a child which allegedly resulted from negligent medical procedures. Therefore, defendants' demurrer to paragraph 20 of plaintiff's complaint is sustained.

## ORDER

It is hereby ordered as follows:

(1) Defendants' preliminary objections in the nature of a motion to strike to paragraph 19 of the complaint and in the nature of a demurrer to paragraph 20 of the complaint are sustained;

(2) Plaintiff shall file an amended complaint, relative to paragraph 19, in accordance with this opinion within 30 days of this date.