**Edith JOHNSON and Frank Johnson, H/W, Plaintiffs,**

v.

**GARDEN STATE BRICKFACE AND STUCCO COMPANY, Defendant,**

v.

**June DiNAPOLI, Third Party Defendant.**

Civ. A. No. 92–2805.

United States District Court, E.D. Pennsylvania.

Oct. 14, 1993.

Robert H. Black, Law Offices of Black and Older, Philadelphia, PA, for plaintiffs.

Kevin J. O'Brien, Marks, Kent & O'Neill, P.C., Philadelphia, PA, for defendant Garden State Brickface and Stucco Co.

Sandra M. Freney, La Brum and Doak, Philadelphia, PA, for defendant June DiNapoli.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the motion of defendant, Garden State Brickface and Stucco Company, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This matter stems from the complaint of plaintiffs, Edith and Frank Johnson, alleging that defendant was negligent and that this negligence caused the injuries of Edith Johnson when she slipped and fell at the home of her daughter, third party defendant in this case, June DiNapoli.

The pertinent facts in this case are as follows. Defendant had been hired by Ms. DiNapoli in November, 1990, to put a bay window in her house and to also brickface or stoneface her house. In July, 1991, Ms. DiNapoli's basement began to flood with water and/or sewage, causing her basement rug to become wet. As a result of the flooding, Ms. DiNapoli placed a plastic mat in the doorway between the screened in patio and the basement. While Edith Johnson (who resided at her daughter's home) was going into the patio from the basement, she slipped and fell on the plastic mat, causing injuries to her left leg, nerves and nervous system, as well as

depression as a result of her injuries. Plaintiffs assert that defendant caused this accident by its negligent workmanship. They allege that an exterior drainpipe became clogged with cement as a result of defendant's work, and that this in turn caused the flooding in the basement. Mr. Johnson has also sued for loss of consortium.

In its motion, defendant asserts three reasons why summary judgment should be granted. First, defendant states that plaintiffs cannot prove that defendant caused the flooding which occurred at Ms. DiNapoli's home. Second, even if plaintiffs can prove that defendant caused the flooding, they cannot prove proximate causation in this case. Finally, defendant asserts that summary judgment should be granted because the acts of Ms. DiNapoli were a superseding and/or intervening cause of the accident. However, for the reasons set forth more fully below, we reject all of defendant's arguments, and hold that summary judgment is not proper in this case.

### Standard

In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The court is required to determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, all reasonable inferences must be drawn in favor of the nonmoving party. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2512. While the movant bears the initial burden of demonstrating an absence of genuine issues of material fact, the nonmovant must then establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3rd Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (citing *Celotex Corp. v. Catrett*, 477

U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

### Discussion

We will first address defendant's contention that plaintiffs cannot prove that defendant caused the flooding in this case. Defendant argues that plaintiff has not shown that defendant was responsible for the flooding, and further, that the work performed by defendant was completed several months before the flooding. However, upon close examination of the record, it appears there is some evidence from which a jury could find that defendant caused the flooding in this case.

In Ms. DiNapoli's deposition, she testified that the flooding occurred because there were pieces of cement and stone in her drainpipe, which caused the drainpipe to clog. Prior to the flooding, nobody else other than defendant had done cement work at her house. Furthermore, when defendant was performing the work at Ms. DiNapoli's house, it had to break a cement wall in order to create the bay window. Ms. DiNapoli also testified that the some of the crewmembers of defendant were dropping cement when they performed the job, and that at some point she called to complain about the cement, which was in the area near the drain. Ms. DiNapoli also testified that she thought defendant sent out some people in response to her call. Finally, she testified that when the flooding occurred, she called Roto–Rooter to clean up the water, and they told her that she had "cement in her line." Deposition of June DiNapoli, page 91.

Defendant argues that plaintiffs' claim that Roto–Rooter discovered the drain was clogged by cement cannot be considered because it is not supported by evidence and because this is the first time plaintiffs have made such a claim. Plaintiffs' complaint states that defendant "[n]egligently caus[ed] cement to fall into and clog Plaintiff's sewer line, resulting in a flood of water which damaged Plaintiff's basement, and directly resulted in Plaintiff's fall." Plaintiffs' complaint, para. 7. Thus, simply because plaintiffs do not state who actually made this discovery does not mean it was not pleaded in the

complaint. Furthermore, because plaintiffs have provided deposition testimony to support this claim, it is proper to consider it in deciding this motion. Fed.R.Civ.P. 56(c).

Based on the foregoing evidence, it is clear there is sufficient evidence from which a reasonable jury could conclude that defendant caused the flooding in this case by dropping cement into the drain and thereby causing it to clog. As such, plaintiffs have met their burden by showing that there is a genuine issue of material fact, and summary judgment is not warranted with respect to this issue.[1]

■ Defendant next contends that plaintiffs cannot show that defendant was the proximate cause of Mrs. Johnson's accident. Defendant argues that the flooding did not cause Mrs. Johnson's injuries, rather, it was her act of slipping and falling on the plastic mat which caused her injuries.

To determine proximate cause, there must be a finding that defendant's conduct was a "substantial factor in bringing about the accident, even though it need not be the only factor." *Pennsylvania Dep't of Transp. v. Phillips*, 87 Pa.Cmwlth. 504, 519, 488 A.2d 77, 86 (1984) (citing *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A.2d 873 (1965)). The fact that a particular result is not actually foreseeable from the wrongdoer's conduct does not preclude liability. *Id.* (citing *Fredericks v. Castora*, 241 Pa.Super. 211, 360 A.2d 696 (1976)). Rather, to determine proximate cause, a judgment must be made as to whether defendant's conduct was "so insignificant that no ordinary mind would think of it as a cause of which a defendant should be held responsible." *Herman v. Welland*

*Chem., Ltd.*, 580 F.Supp. 823, 827 (M.D.Pa. 1984) (citing *Ford v. Jeffries*, 474 Pa. 588, 594–95, 379 A.2d 111 (1977)). This decision involves consideration of various factors such as the number of factors that contributed to the injury, whether the defendant's conduct created a defect that operated continuously up until the time of the injury, and the amount of time that passed between the tortious conduct and the injury. *Id.* at 828 (citations omitted). If the chain of events is "so remote as to appear highly extraordinary that the conduct could have brought about the harm," then proximate causation does not exist. *Bell v. Irace*, 422 Pa.Super. 298, 302, 619 A.2d 365, 367 (1993); *Dudley v. USX Corp.*, 414 Pa.Super. 160, 168, 606 A.2d 916, 923 (1992), *allocatur denied*, 532 Pa. 663, 616 A.2d 985 (1992). Finally, where reasonable minds could differ as to whether defendant's conduct was a substantial cause or an insignificant cause of harm, the decision must be left with the fact finder. *Herman*, 580 F.Supp. at 828 (citing *Ford*, 474 Pa. at 595, 379 A.2d 111 (1977)).

In the case at bar, there is a genuine issue of material fact with regard to the issue of proximate cause, and as such, summary judgment must be denied on this issue. If, indeed, defendant is found to have caused the flooding of Ms. DiNapoli's basement, then this is an issue for the fact finder because it is one on which reasonable minds could differ as to whether defendant's conduct was a substantial or an insignificant cause of Mrs. Johnson's injuries. Some persons might find it extraordinary that the work performed by defendant some six months earlier could have been a substantial factor in causing Mrs. Johnson's injuries, whereas others might find

---

1. As further support that defendant caused the flooding, in their response to the motion for summary judgment, plaintiffs also assert that Chris Bacon, a Garden State agent, concluded in his deposition that the flooding resulted from defendant's conduct, and that defendant later made payment to Ms. DiNapoli for property damage. However, as defendant correctly states, this cannot be considered in deciding the motion for summary judgment, as Rule 408 of the Federal Rules of Evidence prohibits evidence of "furnishing or offering or promising to furnish ... a valuable consideration in compromising or attempting to compromise a claim," as well as conduct or statements made in compromise negotiations, to be admitted for the purpose of proving liability. Fed.R.Evid. 408 (1993); *Ward v. Allegheny Ludlum Steel Corp.*, 560 F.2d 579, 581 n. 6 (3rd Cir.1977).

Moreover, we also decline to consider plaintiffs' statement that "the fact finder will hear from an independent witness that the cause of the flooding was the back up of cement in the exterior drain." Plaintiffs' response, page 11. As plaintiffs have only asserted this claim in their response and have not provided any evidence to support this claim by way of an affidavit, deposition or the like, it cannot be considered for purposes of deciding the motion for summary judgment. Fed.R.Civ.P. 56(c).

it reasonable that the flooding caused her injuries because she slipped on a plastic mat as she was exiting the wet basement. As such, because there is a genuine issue of material fact with regard to proximate cause, this issue must be left for the fact finder.

■ Finally, defendant asserts that it is not liable in this case because the act of Ms. DiNapoli, who placed the plastic mat on the floor, was a superseding cause of Mrs. Johnson's injuries. Courts in Pennsylvania follow section 447 of the Restatement of Torts to determine whether an intervening cause constitutes a superseding cause that relieves the original actor from liability. *Estate of Flickinger v. Ritsky,* 452 Pa. 69, 305 A.2d 40 (1973). In order for there to be a superseding cause, one of three factors must be met: 1) at the time of the defendant's negligent conduct, he should have realized that a third person might so act; or 2) a reasonable person would not regard the act by the third person as highly extraordinary; or 3) the third person's act was a normal consequence of the defendant's act and it was not done in an extraordinarily negligent manner. *Restatement (Second) of Torts* § 477 (1965); *Flickinger,* 452 Pa. at 74–75, 305 A.2d at 43. Where the undisputed facts leave room for a difference of opinion regarding the reasonableness of the third person's acts, and whether such acts were negligent or foreseeable, then the question should be left for the jury. *Flickinger,* 452 Pa. at 69, 305 A.2d at 43 (quoting *Restatement (Second) of Torts* § 453 cmt. b (1965)). *See also Chacko v. Pennsylvania Dept. of Transp.,* 148 Pa. Cmwlth. 494, 500, 611 A.2d 1346, 1350 n. 2 (1992) (stating "the issue of whether a given force is a superseding or intervening cause is a question to be resolved by the fact finder. However, in cases where a jury may not reasonably differ, it is proper for the court to make a determination of causation." [citations omitted] ).

■ In the present case, Ms. DiNapoli testified that she moved the plastic mat from underneath some exercise equipment in the basement and into the patio in order to get it off the wet basement rug and for it to dry. Deposition of Ms. DiNapoli, pages 94–96. She also testified that she did this approximately three days after the flood. *Id.* at 94. Prior to her moving the mat, it had always been in the basement under the exercise equipment. *Id.* at 94–96.

Again, whether Ms. DiNapoli's act of placing the plastic mat in the area right outside the basement doorway when she knew the basement rug was wet, is an issue for the fact finder. Defendant has not sustained its burden in showing that no genuine issue of material fact exists because reasonable minds could differ as to whether the act of Ms. DiNapoli was negligent or foreseeable. On the one hand, it seems reasonable to remove all of the items out of a flooded basement to get them out of the way and for them to dry. Thus, it could be stated that her act was foreseeable under the circumstances. However, one could also question the reasonableness of placing the plastic mat where she did, and in that situation, her act may be considered negligent. For these reasons, summary judgment is denied on the issue of superseding cause.

In conclusion, because genuine issues of material fact exist with regard to whether defendant caused the flooding, whether defendant proximately caused Mrs. Johnson's injuries, and whether Ms. DiNapoli was a superseding cause of the accident, summary judgment must be denied in this case. An appropriate order follows.

## ORDER

AND NOW, this 14th day of October, upon consideration of defendant Garden State Brickface and Stucco Company's motion for summary judgment, and all responses thereto, it is hereby ORDERED that defendant's motion is DENIED.