D'Allura, Appellant, *v*. Perri et al.

Argued October 5, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Frank Carano,* for appellant.

*Oscar Rosenbaum,* for appellee.

OPINION BY BALDRIGE, J., December 19, 1939:

This attachment proceeding was brought by the plaintiff who obtained a judgment against Joseph M. Perri, the defendant, summoning Millie Marchiano as garnishee, alleging that she was indebted to the defendant, an undertaker, for burying and conducting the funeral of the garnishee's late husband. A verdict was rendered in favor of the garnishee. Motions for a new trial and judgment n. o. v. were refused. The plaintiff appealed, alleging certain trial errors which, he asserts, entitle him to a new trial.

The defendant, a relative of the deceased, admitted he helped the garnishee's daughter in arranging the details of the burial and assisted, to some extent, Mr. Logrip, the undertaker employed by the garnishee, but denies the existence of any contract or that the garnishee was indebted to him.

The first assignment of error relates to the trial court's sustaining an objection to the question asked Fred Del Rossi, a writ server in the sheriff's office, concerning statements made by the garnishee at the time she was served the writ of attachment. Del Rossi had already testified that the garnishee told him at that time she had contracted with the defendant for the funeral of her late husband. The witness was then asked: "Q. Did Mrs. Marchiano make any statement with respect to payment?" The question, to which objection was sustained, was leading to a certain extent,

but, even if this ruling be considered erroneous, it was rendered harmless by the question that immediately followed, to wit: "Q. Was there any other conversation you had with Mrs. Marchiano. A. No." In such circumstances, this cannot be considered reversible error: *Peters v. Colonial Life Ins. Co.*, 128 Pa. Superior Ct. 21, 35, 193 A. 460. On that subject the plaintiff had the benefit also of the testimony of Milton H. Kunken, Esq., who was present when the writ was served. He testified that the garnishee stated at that time she had contracted with Perri for her husband's funeral and that she had not paid therefor.

Whether such a contract was made was clearly a question of fact, and the judge, in a fair charge, specifically called the jury's attention to the issue raised during the trial.

The appellant, in his second assignment of error, complains of the trial judge's sustaining objection to the following question: "Q. Mr. Perri, did you sign for the body at the Coroner's office?" That matter was not controlling, in view of Perri's relationship to the deceased and that, concededly, he was assisting the family in arranging for the burial. The court took the position that the question raised a collateral issue. In any event, an employee of the coroner's office was permitted, over appellee's objection, to testify that the coroner's records listed Joseph M. Perri as the undertaker for the garnishee's husband, so that the fact attempted to be introduced through Perri was before the jury for its consideration. We do not regard the exclusion of that testimony as having a serious effect on appellant's case.

The third assignment of error is directed to the trial judge's sustaining the garnishee's objection to the introduction in evidence of a certain photostatic copy of the death certificate of Lucas Marchiano for the purpose of showing that the signature of Joseph M. Perri thereon as undertaker had been erased and that of

Michael D. Logrip substituted. When the undertaker's
certificate was produced and exhibited to Perri, he was
interrogated as follows: "Q. And I ask you if below the
name of Michael J. Logrip there is not your signature
(handing paper to the witness). A. No, sir. If you
see through there, you are a better man than me, coun-
sellor. Q. Is that your address under there (indicat-
ing) 1415 South Broad Street? A. That's my address.
Q. Right there (indicating), 1415 South Broad Street?
Isn't your name below there and it was erased and the
name of Logrip place on top." The court sustained
the objection because the certificate did not bear the
signature of Perri but of Logrip.

We are not convinced that any of the matters of evi-
dence to which we have directed attention were so ob-
viously relevant that the rejection thereof was such an
abuse of judicial discretion as to amount to a revers-
ible error. A trial judge is necessarily vested with
broad powers to control the course of the trial. Ques-
tions on admissibility of evidence and its special rela-
tion to the issue to be tried continually arise in the
course of a trial. "He must deal with such questions
in the light of the purposes of the ultimate inquiry
and does so in the exercise of what is known as judicial
discretion. He should see that nothing relevant is ex-
cluded, so long as its admission will not unduly dis-
tract the attention of the jury from the main inquiry,
by first requiring the ascertainment of an unnecessary
quantity of subordinate facts from which the main
inferences would ultimately be made. His conclusion
or decision on such points will not be interfered with
on appeal save for manifest abuse of power. He must,
therefore, determine in the first instance whether evi-
dence which, though logically relevant on the ultimate
issue, may nevertheless be excluded, because its general
effect on the trial will be to confuse the issue by dis-
tracting the attention of the jury from the primary to
collateral issues, or by unduly prolonging the trial, or

perhaps by unfairly surprising the other side. [Citing cases] :" *Thompson v. American Steel & Wire Co.*, 317 Pa. 7, 11, 175 A. 541.

The fourth assignment of error alleges that the trial judge erred in making prejudicial remarks in the presence of the jury in the overruling of the garnishee's motion for nonsuit, by stating: "There is just a slight bit of evidence, and I think you better put the garnishee on the stand." We do not regard that comment, in itself, prejudicial. Furthermore, appellant made no objection to it at the time, nor was the court's attention in any way called thereto. If the appellant felt he had been injured thereby, he could have readily called the trial judge's attention to that observation, and, if he had seen fit, he could have rectified it. We have frequently stated that a party may not sit silent and take his chances of a verdict, and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless. Appellate courts will not review matters not called to the attention of the trial court, unless the alleged errors are basic and fundamental: *White v. Pittsburgh Rwys. Co.*, 132 Pa. Superior Ct. 373, 378, 200 A. 932.

The last complaint lays special emphasis on certain isolated portions of the court's charge. The trial judge said, after referring to the testimony of Del Rossi, the writ server, and of Kunken, who testified that Mrs. Marchiano stated she had made a contract with Perri: "As against that testimony, you have the positive testimony given to you by both Mrs. Marchiano, the garnishee, and Mr. Perri, the defendant."

The appellant took only a general exception to the charge. It is very doubtful whether any error could successfully be assigned to the quoted excerpts, or other portions of the charge, even if specifically excepted to at the time. The charge when considered in its entirety, as it must be (*Calvey Motor Co. v. Coyer*, 121 Pa. Superior Ct. 509, 184 A. 281), is, in our judg-

ment, free of basic and fundamental errors which would subject it to a successful attack under a general exception: *Zimmerman v. Houghwot*, 125 Pa. Superior Ct. 319, 189 A. 519. If appellant's counsel desired any further instructions on any particular subject, such as the bearing that the relationship of the garnishee's deceased husband to defendant had on the existence or non-existence of a contract for burial, he had an opportunity, and it was his duty, to ask that such be given.

Judgment affirmed.