Anderson et ux., Appellants, *v.* Perta et al.

Argued October 25, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Samuel H. Jubelirer,* for appellants.

*Robert C. Haberstroh,* with him *John J. Haberstroh,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1940:

These appeals are from the entry of a judgment n. o. v. for DeMartin, the appellee, one of the two defendants in an action of trespass brought by plaintiffs to recover damages resulting from the colliding of two automobiles.

On Sunday, August 1, 1937, about 6:00 p. m. a large truck was proceeding westward in Catherine Township, Blair County, on the William Penn Highway, which

is of concrete construction and 18 feet wide. Immediately back of the truck, Perta, the other defendant, was driving a car in the same direction, and the plaintiffs in their car were following Perta. Coming from the opposite direction was the car owned and operated by DeMartin. The plaintiffs alleged and the jury found that Perta, with a clear view ahead, suddenly turned his car, to pass the truck, onto the eastbound lane of traffic occupied by the DeMartin car. To avoid a collision with the Perta car, DeMartin pulled to the right onto the berm of the road, where he traveled approximately 190 feet when his car hit the bank or some obstacle on his right and crashed into plaintiffs' car, causing injuries to Mrs. Anderson.

At the end of the plaintiffs' case DeMartin moved for compulsory non-suit. The learned court below, in its opinion sustaining the motion for judgment n. o. v. for DeMartin, stated that the non-suit should have been granted. We concur in that view, as plaintiffs' evidence did not disclose the speed of DeMartin's car or any other conduct on his part in the emergency which suddenly arose, due to Perta's negligence, that would convict DeMartin of failing to exercise due care under the circumstances.

Perta's defense was that another car, traveling west between the truck and his car, attempted to pass the truck and necessitated DeMartin's getting out of its way. The jury did not accept this story as true, as shown by the verdict.

The only testimony of the speed at which DeMartin was driving was that of Perta and his passengers. They testified that they saw the approaching DeMartin car when it was about 150 feet away, traveling 60 miles an hour, and their car was going 25 to 30 miles per hour. They had, therefore, about one second—but a fleeting glance—to judge the speed at which he was traveling. That evidence was insufficient for a basis of a finding of negligence: *Ealy et ux., v. New York Central Railroad Co.,* 333 Pa. 471, 476, 5 A. 2d 110. In *Mulheirn v.*

*Brown et al.*, 322 Pa. 171, 173, 185 A. 304, Mr. Justice STERN, speaking for the Supreme Court, said: "Weed testified that the Brown car was traveling at a rate in excess of 50 miles an hour, but, since he saw the car only momentarily and as it approached head on, his estimate of its speed is obviously of little value."

Moreover, the evidence clearly established that the proximate cause of this accident was the careless and unlawful conduct of Perta in attempting to pass the truck when DeMartin was approaching from the opposite direction, with the right of way. Perta's conduct placed DeMartin in a position of sudden peril, without fault on his part, which required quick action. When DeMartin was about opposite the truck the Perta car was passing it, occupying the east lane of traffic, so that DeMartin could not have immediately returned in safety to the main portion of the highway, but was required to continue on the berm.

"No one can be charged with carelessness when he does that which his judgment approves, or where he omits to do that of which he has no time to judge. Such act, or omission, if faulty, may be called a mistake but not carelessness:" *Brown v. French,* 104 Pa. 604, 608. In *Miller v. Southern Asphalt Company et al.,* 314 Pa. 289, 297, 171 A. 472, the Supreme Court, speaking through the present Chief Justice, said that "To hold one liable for failure to act wisely in a sudden emergency, the emergency must be one of his creation." See, also, *Weinberg v. Pavitt et al.,* 304 Pa. 312, 325, 155 A. 867; *Casey v. Siciliano,* 310 Pa. 238, 241, 165 A. 1.

While the driver of an automobile should be on his guard to avoid collision, if a situation, unusual and not likely to be anticipated, arises he is not held responsible for that high degree of care which should be exercised under usual circumstances: *Soha v. Spaulding Bakeries,* 124 Pa. Superior Ct. 205, 188 A. 381.

We are not convinced by the able argument of the appellants that the learned court below erred in the disposition of this case.

Judgment affirmed.