388 A.2d 1087

**Michael RADOGNA, Appellant,**

v.

**David HESTER and Harold W. Cosper, Appellees.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided July 12, 1978.

518

Elwood M. Malos, Easton, with him Malos, Baurkot & Baratta, Easton, for appellant.

J. Stephen Kreglow, Easton, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On February 23, 1973, an automobile driven by Michael Radogna, plaintiff-appellant, collided with a van operated by Harold Cosper and owned by David Hester, both defendants-appellees. The accident occurred on North Third Street in Easton, Pennsylvania; appellant had just turned off "the Circle" and onto North Third Street when Cosper pulled out of his parking space and the two collided. Evidence proved that the speed limit on North Third Street was 25 miles per hour at the time of the accident. A witness for appellees was permitted to testify that he believed that appellant was

traveling at about 35 to 40 miles per hour. This appeal comes from a jury verdict rendered in favor of defendants-appellees. For the reasons set forth below, we affirm the verdict and judgment.

■ Appellant's first issue is very specific; appellant argues that it was error for the trial court to allow a witness on behalf of defendants to estimate speed when that witness never testified as to the distance over which the vehicle moved during the period of observation. Appellant's point is not well taken. As a general rule, questions concerning admission or exclusion of evidence are within the sound discretion of the trial court, to be reversed on appeal, only for a clear abuse of discretion. *Westerman v. Stout*, 232 Pa.Super. 195, 335 A.2d 741 (1975); *Cartmel v. Williams*, 207 Pa.Super. 144, 215 A.2d 282 (1965); *Wolfe v. Pickell*, 204 Pa.Super. 541, 205 A.2d 634 (1964); *Stack v. Tizer*, 204 Pa.Super. 203, 203 A.2d 403 (1964). Appellant does not cite any authority which says that a lay witness who gives an estimate of the speed of a moving vehicle must also specify the distance over which the vehicle traveled during the period of observation. The cases relied on by appellant do not reach such a conclusion. We fail to see, therefore, how the trial court abused its discretion by admitting the estimation.

While the cases appellant cites speak in terms of distance, they do not mandate that distance is an indispensable element of the foundation for lay estimates of speed. On the contrary, the requisite qualifications for admission of non-expert testimony are broadly stated in those cases. In *Shaffer v. Torrens*, 359 Pa. 187, 58 A.2d 439 (1948), the court stated that the requirements for admissibility of lay witness estimations of speed include (1) an observation of the vehicular movement in question; and (2) a recognition of impressions of like vehicles at relative speeds. *Shaffer v. Torrens*, 359 Pa. 187, 193, 58 A.2d 439 (1948).[1] Other decisions have

---

1. See also *Heacox v. Polce*, 392 Pa. 415, 141 A.2d 229 (1958) (Musmanno, J., dissenting); *Sapara v. Peoples Cab Co.*, 2 D. & C.2d 22 (1954); affirmed, 381 Pa. 241, 113 A.2d 278 (1955) (per curiam).

required that the witness have something more than just a "fleeting" glance of the vehicle in question, *Early v. New York Central R. R. Co.*, 333 Pa. 471, 5 A.2d 110 (1939); *Anderson v. Penta*, 138 Pa.Super. 321, 10 A.2d 898 (1939), the important consideration being that the witness have at least a minimum of time to make a reasonable estimation of speed. Cases which have rejected a witness' observation because the witness did not see the vehicle in motion for more than a few feet before the collision have indicated that the witness' testimony was not admissible because of the brevity, the fleeting nature of the observation.[2] However, the court has never attempted to establish any minimum distance requirement for competency of lay witness estimates.

▐ There are other cases in which the distance traveled by the moving vehicle during the period of observation has been appreciable, yet the court has rejected the witness' testimony because the moving vehicle had come directly toward the witness,[3] making any estimation of speed speculative. The test for admissibility of lay witness estimations of speed, therefore, is not strictly connected with evidence of the distance traversed by the vehicle in question but, rather, depends upon the existence of an overall opportunity for adequate observation,[4] in addition to the witness's prior experience with moving vehicles. Evidence of the distance over which the observed vehicle moved during the period of observation will go to the weight of the witness's estimation. If the distance is exceedingly small, the court may refuse to

2. *Ealy v. New York Cent. R. R. Co.*, 333 Pa. 471, 5 A.2d 110 (1939) (train was 25 feet away and coming directly towards witness); *Kelly v. Venezeale*, 348 Pa. 325, 35 A.2d 67 (1944) (5 to 10 feet).

3. *Heacox v. Polce*, 12 D. & C.2d 272 (1957). (Pedestrian struck head on by vehicle). *Pugh v. Silvestor*, 18 Chester Co. Reports 93 (1970) (witness observed approaching vehicle only through rear view mirror).

4. 11 Blashfield, Automobile Law and Practice § 430.2 (3rd ed. 1977) ("Preliminary to the admission of the testimony of a non-expert on the question of speed, the witness' qualifications and opportunity for adequate observation as to speed should be established. However, courts ordinarily do not adhere to strict rules on the question.")

allow the witness to offer an estimate of speed because it is apparent that the witness had only a "fleeting" glimpse of the moving vehicle.

In the instant case, the appellees' witness, Mr. Paul Long, was sitting in a car parked behind appellees' vehicle. Mr. Long looked in his side-view mirror and saw appellant's car just coming off the "circle"; Mr. Long also turned and looked out the side window to check for approaching vehicles and again observed appellant's vehicle. Mr. Long then turned his head forward and saw appellees' van pulling out in front. According to his testimony, Mr. Long again looked quickly to see where appellant's car was and continued to watch it up to the time of collision. Mr. Long testified that each observation lasted about two seconds. The total distance traveled by appellant's auto from its turn onto Third Street to the point of impact was proven by other evidence to be about 287 feet. It was not necessary, as appellant contends, for Mr. Long to correlate each period of observation with the corresponding distance allegedly traversed by appellant's vehicle during that segment of time. As an experienced driver, it was not necessary for Mr. Long to have watched appellant's automobile continually without any interruption in order to form an estimation of appellant's speed. Although Mr. Long did not continuously watch appellant's vehicle, he did observe the auto at the beginning and end of its relevant travel distance and thus his estimate of speed was based upon the overall time reference of the incident. Even though the duration of Mr. Long's observation was brief, it should not be considered "fleeting" under these circumstances. Mr. Long's estimate of speed under this particular situation was sufficiently reliable and we therefore find his testimony admissible.

Appellant's second argument is also without merit. Appellant argues that the trial court erred when it allowed defense counsel to impeach appellant's testimony by calling another witness in rebuttal. Appellant claims that the impeachment was on an immaterial fact and that appellee should not have been permitted to explore the alleged inconsistency in rebuttal. Appellant is in error. As the discus-

sion below will indicate, the area of inquiry was clearly material, and so appellant's objection lacks substance.

Appellees had asked appellant on cross-examination whether he told a Mr. Judd Dye that he, appellant, was using canes because he might be involved in a lawsuit but that, in fact, the canes were not necessary. Appellant denied making such a statement. In rebuttal, appellees' counsel called Mr. Dye to the stand and he testified that appellant had made such a statement to him. Certainly a witness's credibility may be attacked on cross-examination by confronting that witness with any prior inconsistent statements relevant to the issues at hand. When the inconsistent statement pertains to a material matter another witness may be called in rebuttal to prove the alleged inconsistency. In the case now before this court, appellant's allegedly conflicting statements bore directly on appellant's collision with appellees. This is unquestionably a material issue and so the lower court properly allowed appellee to impeach appellant's testimony with a rebuttal witness.

A comparable situation was before the court in *Bruno v. Brown*, 414 Pa. 361, 200 A.2d 405 (1964). The plaintiff in that case had testified on cross examination that he had not suffered any back injury in a prior accident, thus claiming that his present disability was strictly a result of the traffic accident with defendant. Defendant then endeavored to impeach plaintiff by calling several witnesses in rebuttal who testified that plaintiff had previously complained of a severe back injury and prolonged and lengthy disability. The lower court, following objection by plaintiff, ruled that such testimony was inadmissible. On appeal, the Supreme Court held that this line of testimony should have been admitted, saying:

"(I)t was relevant to aid the fact finders in assessing the plaintiff's credibility in resolving whether or not his testimony, as to his present back injuries, was believable and should be accepted." *Bruno v. Brown*, 414 Pa. at 366, 200 A.2d at 408 (1964).

This rationale applies with equal force to the instant case, where appellant claims to have a serious injury yet made

statements to the effect that it wasn't as extensive as he claimed. The trial court properly ruled on this point.

Verdict and judgment affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.