J-S06013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SETH MOGOLLON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN V. NGUYEN | : | No. 2068 EDA 2023 |

Appeal from the Judgment Entered August 23, 2023

In the Court of Common Pleas of Chester County Civil Division at No(s): 2020-01835-TT

BEFORE:  DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 30, 2024**

Appellant, Seth Mogollon, appeals from the August 23, 2023 judgment entered in the Chester County Court of Common Pleas following a jury trial in this personal injury action.  Appellant challenges two evidentiary rulings and the court's instructions to the jury.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On September 28, 2019, at approximately 2:37 PM, Appellant and his friend Elijah Harrison were skateboarding along Armstead Court towards the intersection of Wetherburn Drive in East Caln Township, Chester County.[1]  Traffic at this

---

[1] Armstead Court intersects Wetherburn Drive to form a "T"-intersection.

intersection is controlled by a stop sign on Armstead Court, which was in Appellant's direction of travel. There is no stop sign on Wetherburn Drive and no crosswalk at the intersection of Armstead Court and Wetherburn Drive.

At the same time that Appellant and Mr. Harrison were traveling along Armstead Court, Appellee was traveling along Wetherburn Drive approaching the intersection with Armstead Court. Wetherburn Drive is a residential street with posted speed limit of 15 MPH. There is a sidewalk on the opposite side of Wetherburn Drive from the direction Appellee was travelling.

As Appellant approached the intersection, he slowed down to look for oncoming traffic. Appellant observed Appellee's vehicle, a 2011 Nissan Frontier pickup truck, approaching from the right. Nevertheless, Appellant determined that Appellee's truck was far enough from the intersection for Appellant to enter the intersection safely and cross Wetherburn Drive. Appellant, thus, proceeded to turn left onto Wetherburn Drive, travelling behind Mr. Harrison who had already turned, into the lane of traffic in which Appellee was travelling. After Appellant had travelled approximately 20 yards up Wetherburn Drive, Appellee struck Appellant from behind with his truck.

On June 10, 2020, Appellant filed an amended complaint alleging that Appellee's negligence had caused him severe injuries and damages. On June 29, 2020, Appellee filed an answer with new matter asserting, *inter alia*, that Appellant was comparatively negligent for riding his skateboard into the intersection without stopping.

The case proceeded through discovery and the court scheduled and continued the trial several times. During this time, both parties filed numerous motions *in limine*. Relevant to the instant appeal, Appellant filed a motion to preclude any evidence or testimony regarding the presence of the stop sign on Armstead Court at its intersection with Wetherburn Drive. Appellant argued that evidence of the stop sign should be precluded because as a skateboarder, Appellant was not required by law to obey stop signs; thus, this evidence had "little probative value which is outweighed by the risk of confusing the issues and mislead[ing] the jury." Motion, 10/6/21, at ¶¶ 10, 15-16. He posited that the stop sign's "existence is of no consequence to determining either liability or negligence by either party[.]" *Id.* at ¶ 21. Appellant also argued that admission of this evidence would be misleading and confusing to the jury because "it would suggest to the jury that [it] should consider how [Appellant] would have acted if he was driving a car, despite the fact that [Appellant] was a pedestrian and therefore had an entirely different duty of reasonable care than a driver would have had." *Id.* at ¶ 23.

Appellee filed an answer to the motion contending that evidence of the stop sign is admissible because the stop sign "speaks to actions and expectations the parties had, or may have had, at the scene of the accident[,]" specifically with regard to the issue of comparative negligence. Answer, 10/12/21, at 2 (unpaginated). Appellee averred that "[t]he steps taken by the parties, including steps [Appellant] took to abide by the stop sign" are integral to the jury's determination of liability. *Id.* Appellee argued that

excluding this evidence would be unfair to Appellee in that it would preclude him from presenting a comparative negligence defense to Appellant's claims.

Appellee also argued that, while Appellant was not required by law to stop at the stop sign, the Motor Vehicle Code does contain provisions regulating the conduct of pedestrians. *See* 75 Pa.C.S. § 3542(b) (prohibiting pedestrians from leaving a curb or other place of safety and crossing into the path of a vehicle that is so close as to constitute a hazard); *id.* at § 3543(a) (requiring pedestrians to yield the right of way to moving vehicles when crossing a roadway at any point not governed by a crosswalk). Appellee also noted that the Pennsylvania Department of Transportation's guidelines on pedestrian safety provide that both pedestrians and motorists must obey traffic-control devices.

On October 29, 2021, the trial court denied Appellant's motion *in limine*, finding that "[t]he stop sign at issue is relevant for *res gestae* and comparative negligence purposes." Order, 10/29/21, at 1 n.1.

Also relevant to the instant appeal, on July 22, 2022, Appellee filed a "Motion *in Limine* to Preclude Argument Regarding, Testimony Related to, and Reference to [Appellee] Speeding or Travelling at a High Rate of Speed." Appellee argued that any reference to or testimony regarding Appellee speeding at the time of the incident would be highly prejudicial and is

unsupported by the evidence of record, which suggests that Appellee was traveling at or below the posted speed limit of 15 MPH.[2]

Appellant filed an answer to the motion asserting that evidence regarding the speed at which Appellee was travelling is relevant for *res gestae*. Appellant also averred that the motion was merely a "baseless and unsubstantiated . . . attempt to prevent the jury from ever having the opportunity to consider whether or not [Appellee] was speeding." Memorandum of Law in Support of [Appellant's] Response in Opposition to [Motion *in Limine*], 7/22/22, at 3.

On October 19, 2022, the trial court granted Appellee's motion after concluding that neither Appellant nor Mr. Harrison offered any reliable testimony pertaining to Appellee's speed. Opinion, 10/19/22, at 1 n.1 (citing **Radogna v. Hester**, 388 A.2d 1087, 1089 (Pa. Super. 1978) (footnote omitted) ("The test for admissibility of lay witness estimations of speed . . . depends upon the existence of an overall opportunity for adequate observation, in addition to the witness's prior experience with moving vehicles."). In explaining its decision, and relying on **Radogna**, the trial court cited the absence of evidence that Appellant was an experienced driver or had

---

[2] Appellant alleged in the amended complaint that Appellee was driving in excess of the speed limit. Appellee, however, testified at his deposition that he was driving between 10 MPH and 15 MPH at the time of the incident. N.T. Appellee Dep., 10/7/20, at 17. Mr. Harrison testified that he did not see Appellee's truck before it hit Appellant and did not know how fast Appellee was driving. N.T. Harrison Dep., 11/20/20, at 35-36.

observed Appellee's vehicle at the beginning and end of its travel distance and noted Mr. Harrison's testimony that he did not see Appellee hit Appellant.[3]

Trial commenced on March 27, 2023. Prior to trial, the parties submitted proposed jury charge instructions to the court. It is undisputed that Appellant did not propose a jury charge pertaining to 75 Pa.C.S. § 3361, known as the "assured clear distance ahead" rule.[4]

At the charging conference the court notified the parties that it would instruct the jury regarding 75 Pa.C.S. § 3543, pertaining to responsibility of a pedestrian crossing a roadway without a crosswalk to yield the right-of way to vehicles.[5] Appellant objected to the applicability of this charge insisting that the evidence demonstrated not that Appellant was crossing Wetherburn Drive at the time Appellee hit him; rather, it showed that Appellant had

---

[3] Appellant filed a motion for reconsideration of this order, which the trial court denied on November 30, 2022.

[4] Section 3361 of the Motor Vehicle Code, titled "Driving vehicle at safe speed[,]" provides, in relevant part, as follows:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

75 Pa.C.S. § 3661.

[5] Section 3543(a) provides that "[e]very pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway." 75 Pa.C.S. § 3543.

already finished crossing Wetherburn Drive and established himself on the roadway when Appellee hit him from behind. In light of this objection, the trial court suggested that an instruction regarding the obligations of a pedestrian walking along or on a highway set forth in 75 Pa.C.S. § 3544, would be appropriate.[6] After extensive argument from both parties, the following exchange took place:

> Trial Court: I believe that 3543(a) is applicable. . . . [Appellant was] required to yield the roadway to any vehicle.
>
> Appellant's Counsel: That's okay, Your honor. **I withdraw my objection** [to a Section 3543(a) instruction] **as long as we get assured and clear distance ahead**. . . .
>
> Trial Court: I don't think the assured, clear distance is law anymore.
>
> Appellee's Counsel: Absolutely not.
>
> Trial Court: Assured and clear distance is no longer the law.
>
> Appellee's Counsel: No.

N.T. Trial, 3/28/23, at 113-14 (emphasis added). Appellant's counsel did not comment on or object to the court's belief that the "assured clear distance ahead" rule was no longer the law in Pennsylvania or on its decision not to charge the jury on it. Additional argument ensued, after which the court

---

[6] Relevantly, Section 3544(a) provides that "[w]here a sidewalk is provided and its use is practicable, it is unlawful for any pedestrian to walk along and upon an adjacent roadway." 75 Pa.C.S § 3544(a). Section 3544(c) provides that "[w]here neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the roadway and, if on a two-way roadway, shall walk only on the left side of the roadway." *Id.* at 3544(c).

determined that instructions regarding Sections 3543(a), 3544(a), and 3544(c) were appropriate.

On March 28, 2023, the jury returned a verdict sheet indicating that it found Appellee 49% negligent and Appellant 51% negligent. On April 5, 2023, Appellant filed a post-trial motion. Following a hearing, the trial court denied the motion on July 21, 2023.

This timely appeal from the entry of judgment on the verdict followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[7]

Appellant raises the following four issues on appeal:

1. Did the trial court commit an error of law and/or an abuse of discretion by improperly denying [Appellant's] motion *in limine* to preclude evidence of, testimony related to, and mention of the stop sign on Armstead Court, as it is undisputed that [Appellant] was acting as a pedestrian[] and, therefore, the stop sign did not apply?

2. Did the trial court commit an error of law and/or an abuse of discretion by improperly granting Appellee's motion *in limine* to preclude argument related to and reference to [Appellee] speeding or travelling at a high rate of speed?

3. Did the trial court commit an error of law and/or abuse of discretion by denying [Appellant's] requested jury charge regarding 75 Pa.C.S § 3361 (concerning the assured clear distance ahead rule)?

4. Did the trial court commit an error of law and/or an abuse of discretion by charging the jury regarding 75 Pa.C.S. § 3543(a) despite there being no evidence that [Appellant] was "crossing" a roadway at the time of the collision?

---

[7] In its Rule 1925(a) opinion the trial court addressed some of the issues raised by Appellant in his Rule 1925(b) statement and directed this Court to its July 21, 2023 order denying Appellant's post-trial motion for an explanation of the remaining issues.

Appellant's Brief at 4-5.

**A.**

In his first two issues, Appellant challenges the trial court's pre-trial rulings on the parties' motions *in limine*. The threshold inquiry in considering the admission of evidence is whether the evidence is relevant. Pa.R.E. 402. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable[,] or supports a reasonable inference or presumption regarding the existence of a material fact." ***Smith v. Morrison***, 47 A.3d 131, 137 (Pa. Super. 2012) (citation omitted); Pa.R.E. 401. The court may exclude otherwise relevant evidence if its probative value is outweighed by its potential for unfair prejudice, confusion of the issues, misleading the jury, undue delay, pointlessness, or presentation of cumulative evidence. Pa.R.E. 403.

Questions of admissibility lie within the trial court's sound discretion and we will not disturb the court's decision absent a clear abuse of discretion. ***Parr v. Ford Motor Co.***, 109 A.3d 682, 690 (Pa. Super. 2014). "[A]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Keystone Dedicated Logistics, LLC v. JGB Enters., Inc.***, 77 A.3d 1, 11 (Pa. Super. 2013) (citation omitted). As with other evidentiary rulings, a trial court's decision on a motion *in limine* is subject to an abuse of discretion standard of review. ***Parr***, 109 A.3d at 690.

Finally, we note that, "[i]n order to find that the trial court's evidentiary rulings constituted reversible error, such rulings must not only have been erroneous but must also have been harmful to the complaining party." **Oxford Presbyterian Church v. Weil-McLain Co.**, 815 A.2d 1094, 1100 (Pa. Super. 2003) (citations omitted). An appellant "must therefore show error in the evidentiary ruling and resulting prejudice, thus constituting an abuse of discretion by the lower court." **Id.** (citations omitted). "An evidentiary ruling which did not affect the verdict will not provide a basis for disturbing the jury's judgment." **Hart v. W.H. Stewart, Inc.**, 564 A.2d 1250, 1252 (Pa. 1989).

## I.

In his first issue, Appellant claims that the trial court abused its discretion by denying his motion *in limine* to preclude the parties from referencing the stop sign at the intersection of Armstead Court and Wetherburn Drive. Appellant's Brief at 20-31. He argues that evidence of the stop sign was irrelevant because the Motor Vehicle Code only requires that the driver of a vehicle–not pedestrians or skateboarders—stop at or before a stop sign. **Id.** at 21. He further argues that, because Appellant was not driving a vehicle, he did not have a duty to stop. **Id.** at 22. Therefore, he avers that the existence of the stop sign has no probative value. **Id.**

With respect to the trial court's determination that the stop sign was admissible as *res gestae*, Appellant asserts, citing Black's Law Dictionary, that *res gestae* "is a doctrine used to describe evidence that is marginally relevant

for describing the circumstances and events leading to an accident." *Id.* at 23. He baldly concludes that "[if] evidence of the stop sign was only admissible for *res gestae*, then it is undoubtedly true that this evidence had very little probative value to the issues to be determined." *Id.*

The trial court denied Appellant's motion *in limine* after concluding that the presence of the stop sign was relevant as *res gestae*[8] and to the issue of comparative negligence. In other words, the court ruled that, given the presence of the stop sign at the end of the street from which Appellant turned immediately prior to the accident, the stop sign was relevant to present the jury with a full description of the circumstances surrounding the incident and the appearance of the intersection at the time. We agree.

Following our review of the record, we conclude that the trial court did not abuse its discretion in determining that evidence of the presence of a stop sign at the intersection is germane to the jury's full understanding of the situs of the accident in that it provided context to the scene. Furthermore, as described by Appellant himself, his actions in the moments preceding the accident included seeing the stop sign and slowing down. N.T. Mogollon Dep., 10/7/20, at 21-22. The stop sign was a permanent fixture at the intersection and regardless of whether Appellant had a legal obligation to stop at it, to pretend it did not exist by omitting any reference to it would alter material facts of the case. Accordingly, this claim merits no relief.

---

[8] Black's Law Dictionary defines *res gestae* as "the events at issue or other events contemporaneous with them." Black's Law Dictionary (10th Ed. 2014).

**II.**

In his second issue, Appellant claims that the trial court abused its discretion by precluding argument and testimony related to the speed at which Appellee was traveling at the time of the accident. Appellant's Brief at 32-39. Appellant asserts that the trial court misconstrued and ignored precedent when it relied on **Radogna** in issuing its ruling.[9] **Id.** at 33.

Under Pennsylvania law, a lay witness may estimate a vehicle's speed if he or she had an "overall opportunity for adequate observation" of the other vehicle, such that someone who has experience operating a vehicle could accurately estimate the vehicle's speed. **Fisher v. Central Cab Co.**, 945 A.2d 215, 219 (Pa. Super. 2008) (citation omitted). To satisfy this requirement, the lay witness must have observed the "vehicular movement in question" and also "like vehicles at relative speeds." **Id.** at 218 (citation omitted). While there is no minimum amount of distance or time a witness must observe a

---

[9] Appellant also argues that, even if the trial court did not err in precluding him from testifying that Appellee was speeding, it should have permitted Appellant to cross-examine Appellee regarding his speed. Appellant's Brief at 38. Appellant did not, however, raise this alternate issue in his Rule 1925(b) statement. It is, thus, waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement [] are waived."). Moreover, even if he had not waived it, Appellant has failed to develop this argument with citation to record and controlling case law in violation of Pa.R.A.P. 2119. **See** Pa.R.A.P. 2119(a), (c) (requiring the appellate argument to have "discussion and citation of authorities as are deemed pertinent" and "reference to the place in the record where the matter referred to appears").

vehicle, a "fleeting glance" is insufficient to permit such lay opinion testimony. **Radogna**, 388 A.2d at 1088-89 (some quotation marks omitted).

The trial court explained that it granted Appellee's motion *in limine* because Appellant did not provide evidence that he was an experienced driver or had observed Appellee's vehicle "at the beginning and end of its relevant travel distance." Order, 10/19/22, at 1 n.1. In other words, based on the record, the trial court concluded that Appellant had had only a fleeting glance of Appellee's vehicle, and that Appellant lacked the requisite experience to estimate Appellee's speed.

In support of his claim that the trial court erred in concluding that he had only a "fleeting" glance at Appellee's vehicle, Appellant cites his deposition testimony that he first saw Appellee's vehicle when it was "down back at the beginning of the road still."[10] Appellant's Brief at 33-34 (citing N.T. Mogollon Dep., 10/7/20, at 27. Appellant does not indicate what, if any, evidence he provided to support his position that he had experience observing like vehicles at relative speeds.

Given the absence of other evidence of record at the time the court decided the motion in *limine* we cannot conclude that the trial court abused

---

[10] Appellant also cites extensively his trial testimony in support of this claim. However, given that the court decided Appellee's motion in *limine* pretrial, Appellant's subsequent trial testimony is not relevant to our consideration of whether the trial court abused its discretion in this pretrial ruling.

its discretion in granting Appellee's motion. Appellant's claim, thus, fails to garner relief.[11]

**B.**

In his third and fourth issues, Appellant challenges the trial court's jury instructions. Our standard of review with respect to jury instructions is well-settled. We are "limited to determining whether the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case." **Pledger by Pledger v. Jannsen Pharmaceuticals, Inc.**, 198 A.3d 1126, 1146 (Pa. Super. 2018) (citations omitted).

**I.**

Appellant first asserts that the court erred or abused its discretion by denying his requested charge regarding the "assured clear distance ahead" rule. Appellant's Brief at 40-47. He argues that the court erred when it stated

---

[11] Moreover, we observe that, at trial, Appellant testified that he was familiar with the intersection of Armstead Court and Wetherburn Drive and "frequently" skateboarded across the intersection. N.T. Trial, 3/27/23, at 138, 146-47, 153. He testified that generally if he saw cars travelling on Weatherburn Drive "[i]f they were far enough away and I knew I could safely cross, then I would cross quickly. Of if I saw that they were too close and I knew I would not be able to make it, I would stop and wait." **Id.** at 147, 154. He testified that, on the day of the collision, he slowed down while approaching the intersection and from that vantage point observed Appellant's vehicle "further down the street." **Id.** at 141. He further testified that, based on his observation of Appellee's location, he believed he had time to turn safely in front of Appellee. **Id.** Thus, following our review, we conclude that even though the court precluded Appellant from providing his opinion as to whether Appellee was speeding or operating his truck at a high rate of speed, Appellant did provide testimony as to his belief about his safety generally and his observation that day that the jury could weigh against Appellee's testimony that he was driving at or below the speed limit.

- 14 -

that this rule is no longer the law in Pennsylvania. *Id.* at 47. He also argues that this charge applies to the facts of this case because "it should have been a crucial issue of fact for the jury to decide whether or not [Appellee] upheld the duty of care required by the rule." *Id.* at 44.

He further argues that in determining that there was no factual evidence of record to support this jury charge, the trial court "endeavor[ed] to find facts and invade[d] the province of the jury." *Id.* at 45, 46-47 (citing Trial Ct. Op., 9/15/23 at 4). In particular, Appellant assails the trial court's allegedly "unlawful finding of fact" that "[t]he facts of this case are more analogous to a 'dart out' case wherein [Appellant] moved quickly while on a skateboard moving essentially perpendicular to the travel direction of [Appellee's] vehicle[,]" because the record actually demonstrates that Appellant was not travelling perpendicular to Appellee or crossing at an intersection when Appellee hit him. *Id.* at 46 (citing Trial Ct. Op. at 4). Appellant asserts that this ruling harmed him because it prevented the jury from considering whether Appellee was driving too fast for the conditions.

Before we address the merits of this claim, we consider whether Appellant preserved it. As noted above, Appellant did not request this charge in his written proposed jury instructions filed in advance of trial. Rather, Appellant waited until the charging conference where he informally offered to withdraw an objection to another charge if the court would charge the jury on the "assured clear distance ahead" rule. After the court informed counsel that it believed that the rule is "no longer the law," no further discussion regarding

- 15 -

the instruction took place. Notably, Appellant did not at any time object to the court's conclusion that the rule is no longer the law nor to its decision not to instruct the jury on it. As such, Appellant waived his challenge to the trial court's instructions because of his counsel's failure to raise an objection thereto. *Jones v. Ott*, 191 A.3d 782, 792 (Pa. 2018). *See also Eck v. Powermatic Houdaille, Div. of Houdaille Indus., Inc.*, 527 A.2d 1012, 1218 (Pa. Super. 1987) ("Where a party fails to object to a jury instruction, he or she is precluded from assigning the alleged error as a basis for a new trial on appeal."); Pa.R.A.P (302)(b) (requiring specific objection to portion of charge challenged on appeal).

## II.

In his final issue, Appellant asserts that the trial court erred in charging the jury regarding 75 Pa.C.S. § 3543(a) because there was no evidence that Appellant was crossing the roadway at the time of the collision. Appellant's Brief at 48-54.

Section 3543(a) provides that "[e]very pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway." 75 Pa.C.S. § 3543(a).

Here, the evidence of record demonstrates that Appellant entered the intersection of Armstead Court and Weatherburn Drive, an intersection without a crosswalk, and turned left, crossing over the near lane of traffic to enter the far lane of traffic, and proceeded to travel in the direction of traffic.

N.T. Trial, 3/27/23, at 141. Before doing so, Appellant observed Appellee's vehicle on the roadway traveling toward the intersection. ***Id.*** at 141, 156. Notwithstanding, Appellant admittedly did not yield before crossing into traffic. ***Id.*** at 149, 154-55. In light of these facts, we conclude that the trial court did not err in charging the jury regarding Section 3543(a). Appellant is, thus, not entitled to relief on this claim.

## C.

In sum, having found each of Appellant's issues either meritless or waived, we affirm the entry of judgment in favor of Appellee.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2024